**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Peter Allen HAGLER,**
**Defendant-Appellant.**

**No. 82–1449.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 1983.

Decided June 30, 1983.

Certiorari Denied Oct. 17, 1983.
See 104 S.Ct. 282.

Wilfred Hearn, Jr., Heaney, James & Hearn, Los Angeles, Cal., for defendant-appellant.

Julia Barash, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, HUG and CANBY, Circuit Judges.

CHAMBERS, Circuit Judge:

Hagler was convicted of thirteen counts of a twenty count indictment for credit card fraud (18 U.S.C. § 1341), and sentenced to one year and a fine of $1,000 on Count 15, with sentence suspended as to the other counts conditioned on five years' probation. He was also ordered to make restitution of $77,000. By per curiam decision in *United States v. Hagler,* 708 F.2d 354 (9th Cir.1982), this court reversed his conviction on five of the counts, including Count 15, and the case was remanded to the district court for resentencing. Hagler was thereafter resentenced to one year on Count 16 and fined $1,000, and given similar concurrent sentences and fines on the remaining counts, with execution of sentence suspended conditioned on five years' probation. The same provisions were made for requiring restitution of $77,000. He again appeals.

■ Hagler contends that the resentencing amounts to vindictiveness in violation of his rights to due process, citing *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). But the situation here is quite different from that in *Pearce.* In this case there is no net increase in his punishment. He remained convicted of eight of the thirteen counts after his first appeal and we find no suggestion of vindictiveness on this record. Indeed, we sense that in the resentencing the district judge attempted—as he had attempted after the trial—to construct a sentence that would combine prison custody, fine, restitution and probation, as a balanced package geared to the particular defendant whom he had before him.

■ Appellant also contends that this court, on the first appeal, had no authority to remand for resentencing except as to the precise counts which had been placed in issue on that appeal. This contention does not aid him. He placed the entire judgment in issue by the inclusiveness of his notice of appeal. Thereafter, the government in its brief stated that it sought to have the entire sentence vacated and the matter remanded for resentencing, but appellant filed no reply brief and then sought no rehearing. The scope of the remand was within the purview of this court under 28 U.S.C. § 2106 and we are not, in any event, disposed to meddle in the law of the case.

■ Hagler also argues that the resentencing constituted double jeopardy in violation of his rights under the Fifth Amendment. As we have noted, he did not receive any net increase in his new sentence. And he was not subjected to retrial. At best he can argue that he had a right to know, as of a particular time (i.e. the termination of his trial), the precise count on which he would serve his one year custody sentence and pay his $1,000 fine. The Supreme Court's recent discussion of the rationale of the Double Jeopardy Clause, in *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), sufficiently answers appellant's claims on this score. There is simply not the finality to a sentence as there is to an acquittal, and there is no right to know as of a particular time what the sentence will be. Quoting *Bozza v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–649, 91 L.Ed. 818 (1947), the Court in *DiFrancesco* states, "The Constitution does not require that sentencing in a game in which a wrong move by the judge means immunity for the prisoner." 449 U.S. at 135, 101 S.Ct. at 436.

Appellant can find no support in *United States v. Best,* 571 F.2d 484 (9th Cir.1978) or *United States v. Edick,* 603 F.2d 772 (9th Cir.1979). In *Best* the defendant had, unlike the appellant here, begun to serve his sentence. In *Edick* the defendant had, unlike the appellant here, already satisfied one of the original sentences. In any event, both *Best* and *Edick* must now be read in the light of the guidance provided by *DiFrancesco.*

Affirmed.