**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thaeeb BAY, Defendant-Appellant.**

No. 86–1089.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 1987.

Decided July 7, 1987.

**1512**

Sanford Svetcov, San Francisco, Cal., for plaintiff-appellee.

Gregor D. Guy-Smith, San Francisco, Cal., for defendant-appellant.

Before WALLACE, SKOPIL and CANBY, Circuit Judges.

WALLACE, Circuit Judge:

Bay appeals a 20 year sentence for unarmed robbery imposed after his retrial following his successful appeal of earlier convictions for this and two other crimes. Bay argues that the district court imposed a more severe sentence after the retrial without any justification. Bay also contends that the district court improperly instructed the jury. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

### I

In 1983, Bay was convicted of two armed bank robberies and one unarmed bank robbery that had occurred between September 1982 and June 1983. The district court sentenced him to 20 years for one armed robbery, 10 years for the other, and imposed a suspended sentence with 5 years probation for the unarmed robbery. Because the court ordered all sentences to run consecutively, Bay received, in total, 30 years imprisonment plus 5 years probation. Bay appealed to this court and we remanded for a hearing on an evidentiary issue. *United States v. Bay,* 762 F.2d 1314 (9th Cir.1984). After the hearing, the district court granted Bay a new trial. This time a jury acquitted Bay of the two armed bank robberies and convicted him of the unarmed robbery. The district judge sentenced Bay to 20 years in prison.

### II

In *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (*Pearce*), the Court held that, to assure the absence of a retaliatory motivation, "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *Id.* at 726, 89 S.Ct.

at 726. Bay contends that the district court has increased his sentence after the retrial and that we must vacate this sentence because the court failed to state legitimate reasons on the record for imposing the harsher sentence. Before the *Pearce* presumption of a vindictive motivation arises, however, the second sentence imposed on a defendant must, in fact, be more severe than the first. Determining the proper method for calculating the severity of a sentence is an issue of law that we review de novo. *Cf. United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc) (dicta), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

We take our primary guidance on this issue from *United States v. Hagler*, 709 F.2d 578 (9th Cir.) (*Hagler*), *cert. denied*, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983). Following Hagler's conviction on 13 counts of credit card fraud, the district court sentenced him to one year in prison and a fine of $1,000 on one of the counts, gave him a suspended sentence conditioned on five years' probation as to the other 12 counts, and required him to pay $77,000 in restitution. *Id.* at 579. On appeal, we reversed his conviction on five of the counts, including the count upon which the prison term and fine had been given, and remanded for resentencing. The district court again imposed restitution, a one year prison sentence and $1,000 on one of the counts, and a suspended sentence and five years probation on the other counts. Hagler appealed the sentence. We held that, because "there is no *net increase* in his' punishment," the *Pearce* presumption that he was vindictively sentenced does not arise. *Id.* (emphasis added).

■ *Hagler* dictates the outcome of this appeal. Bay did not receive a "net increase" in his sentence following the retrial. In fact, Bay's total sentence was reduced. Therefore here too, the *Pearce* presumption does not arise.

Bay argues, however, that in measuring the severity of his prior sentence, we must exclude any punishment given on the armed robbery counts for which he has now been acquitted. *See United States v. Mon-* *aco*, 702 F.2d 860, 885 (11th Cir.1983). Bay points out that as to the only count on which he was ultimately convicted, the unarmed bank robbery count, he did receive a more severe sentence after retrial. Therefore, Bay concludes, *Pearce* requires the district court to justify the increase.

■ *Hagler* has foreclosed this argument in this circuit, however. Although Hagler obtained a reversal on the only count for which he had received a prison term in the first sentencing, we did not exclude this prison term when comparing the severity of the two sentences. Moreover, in *Hagler*, as in the present case, the defendant received a prison term in the second sentencing on a count which had earlier resulted in a suspended sentence and five years probation. Our precedent thus instructs us to evaluate Bay's sentence in the aggregate and not merely with respect to each individual count.

Bay argues that *Hagler* should nevertheless be distinguished from his case. He contends that all of the counts in the *Hagler* indictment stemmed from a common scheme or a single course of continuing conduct. *See United States v. Hagler*, 708 F.2d 354 (9th Cir.1982) (per curiam), *appealed after remand, Hagler*, 709 F.2d 578 (9th Cir.1983). Bay argues that in *Hagler* it made sense to view the sentence as a package because the crimes themselves were a package. In the present case, in contrast, the various counts in the indictment arose from similar but essentially unrelated crimes: three bank robberies spread over a nine month period. Bay concludes that in such a case the package theory cannot apply and, therefore, that the counts and their respective sentences must be considered individually.

■ Bay's argument rests upon an incorrect view of the sentencing judge's role. A judge does not calculate a sentence solely on the basis of the nature of the crime involved. The judge must also consider the character of the defendant: his life, health, habits, conduct, and mental and moral propensities. *See Pearce*, 395 U.S. at 723, 89 S.Ct. at 2079, *citing Williams v. New York*, 337 U.S. 241, 245, 69 S.Ct. 1079,

1082, 93 L.Ed. 1337 (1949). The punishment should fit the offender and not merely the crime. *See id.* "In each case, a criminal sentence must reflect an individualized assessment of a particular defendant's culpability rather than a mechanistic application of a given sentence to a given category of crime." *United States v. Barker,* 771 F.2d 1362, 1365 (9th Cir.1985). Consequently, a sentencing judge does not merely evaluate the gravity of each separate crime upon which a conviction was obtained, and then select a punishment that would be appropriate for each if considered independently of any other crimes. Rather, our system of criminal justice requires the judge to consider all appropriate factors and then to impose a sentence appropriate to both the defendant's criminal conduct and his character. No portion of the sentence imposed on a defendant convicted of multiple crimes, therefore, can be said to be tied inextricably to any one of the package of crimes before the judge. It is incorrect to view the total sentence imposed upon such a defendant as resulting from nothing more than a mathematical addition of each crime upon which he was convicted.

*Hagler,* therefore, does not suggest that we should interpret Hagler's second conviction on eight counts as being for the same course of criminal conduct as the first conviction on thirteen counts. Rather, an equivalent sentence was appropriate precisely because a defendant was before the judge each time for whom the sentence in question was appropriate in view of the totality of the circumstances. The court constructed "a balanced package geared to

the particular defendant." *Hagler,* 709 F.2d at 579.

Similarly, after Bay's first conviction, the district court constructed a sentencing package consisting of a prison term with respect to two of the counts and probation with respect to the third. The package would not have differed meaningfully had the court imposed the 20 year prison term on the unarmed robbery count, attached the probation term to one of the armed robbery counts, and given a 10 year prison sentence to the other. Following the retrial, the judge again concluded that, based upon Bay's character as well as his conviction, he deserved imprisonment. The 20 year sentence imposed did not exceed the 30 year sentence imposed in the earlier package. Accordingly, we hold that by imposing a sentence less severe than the sentencing package imposed the first time, the district court did not contravene the mandate of *Pearce.*[1]

### III

The other issue Bay raises on appeal concerns the district court's answer to a question from the jury. We review the district court's response to a jury's request for additional instructions for an abuse of discretion. *See United States v. Rohrer,* 708 F.2d 429, 435 (9th Cir.1983).

During the deliberations, one of the jurors sent a note to the judge asking "as to jury instructions, how did you define reasonable doubt." The court responded by repeating a portion of the instruction given earlier:

---

1. The dissent attempts to distinguish *Hagler* by pointing out that *Hagler* involved a group of identical offenses, while in the present case the offenses—armed and unarmed robbery—were not interchangeable. We do not think, however, that *Hagler* requires all offenses considered in a sentencing package to be identical. Congress and the Supreme Court have set limits, in the Federal Rules of Criminal Procedure, on the sorts of crimes that can be "packaged" together for sentencing. "Two or more offenses may be charged in the same indictment ... if the offenses charged ... are of the *same or similar character....*" Fed.R.Crim.P. 8(a) (emphasis added). These limits provide an ade-

quate restriction on the offenses which may properly be grouped in the same sentencing package.

The dissent also suggests that *Pearce* should apply because the situation at the second sentencing had "drastically changed" and was "entirely different" from the one presented at the first sentencing. This view, however, does not recognize that the same defendant, with the same background, habits, and moral propensities was before the judge each time. The only difference—fewer crimes for which Bay would be sentenced—was accounted for in the reduction of the maximum sentence for which Bay was eligible.

The kind of a doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must therefore be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her affairs.

Bay's counsel did not object to this passage, but asked that other portions of the instruction also be repeated for the jury.

The district court refused to repeat the other instructions as requested by Bay's counsel. Bay argues that this is reversible error. Those additional portions, however, would not have directly addressed the juror's question concerning reasonable doubt. Instead, they concerned the presumption of innocence and the nature of the prosecution's burden. The district judge, therefore, acted well within his discretion by limiting his response to the section of the instructions dealing specifically with reasonable doubt.

AFFIRMED.

SKOPIL, Circuit Judge, specially concurring:

I concur. Judge Wallace is correct that *United States v. Hagler*, 709 F.2d 578 (9th Cir.), *cert. denied*, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983), precludes application of the *Pearce* presumption in this case. Bay's total sentence was reduced from thirty years to twenty years. Accordingly, there was no net increase in his total sentence and *Hagler* precludes us from examining each charge individually to determine whether the sentence was increased.

I write separately to express my concern about the trial court's failure to give any reasons for the new sentence. The sentence for the unarmed bank robbery was increased from five years probation to twenty years incarceration. Although the court was not compelled by *Pearce* to justify imposition of the increased sentence, the better practice would have been to explain based on objective information why the twenty year sentence was justified.

The failure of the district court to state any objective reason for the increased sentence has made it difficult for us to deter-

mine whether the sentence imposed was appropriate for this particular defendant. While vindictiveness cannot be presumed in this situation and there was no allegation of actual vindictiveness, I cannot conclude with certainty that this defendant has received a sentence appropriate to his crime and "life, health, habits, conduct, and mental and moral propensities." *See North Carolina v. Pearce*, 395 U.S. 711, 723, 89 S.Ct. 2072, 2079, 23 L.Ed.2d 656 (1969).

Whenever there is the slightest doubt about the appropriateness of a particular sentence, a court should state in the record its reasons for imposing that sentence. If that simple precaution had been taken in this case, the defendant would have had some understanding of the reasons for his incarceration and we would have had a complete record to review on appeal.

CANBY, Circuit Judge, dissenting in part:

I disagree with that part of the majority opinion which holds that Bay's new sentence of 20 years' imprisonment did not create a presumption of vindictiveness under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). If *Pearce* is applied, then Bay's 20 year sentence cannot stand unless the reasons for the more severe sentence, based on Bay's conduct after the first sentence, affirmatively appear in the record. At present, they do not.

It is true that in *United States v. Hagler*, 709 F.2d 578 (9th Cir.), *cert. denied*, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983), we held that no presumption of vindictiveness arose when a defendant was resentenced to the same total of one year's imprisonment, a fine of $10,000 and restitution of $77,000 after 5 of the 13 mail fraud counts of which he had been convicted had been reversed on appeal. One of the reversed counts had been the one on which the sentence of imprisonment and fine had been imposed, and we permitted that same sentence to be imposed on one of the surviving counts, on which sentence had originally been suspended. But in *Hagler*, all of the counts were for mail fraud, and

were all part of the same mail fraud scheme. It did not change the character of the conviction when 5 of the 13 counts were reversed upon the government's concession that the particular mailings charged in those counts did not further the underlying scheme to defraud. *United States v. Hagler*, 708 F.2d 354 (9th Cir. 1982). The mail fraud counts were virtually interchangeable; they did not differ in severity with regard either to the facts of commission or the authorized maximum sentences. It was accordingly pure chance that the sentence of imprisonment and fine originally was imposed on one of the counts that was reversed on appeal. There was nothing jarring about the same sentence's being imposed on one of the other, surviving counts at resentencing. The scheme remained the same, the defendant remained the same, and the "balanced package" sentence could remain the same. *Hagler*, 709 F.2d at 579.

Here the sentencing situation has drastically changed as a result of the appeal, retrial, and acquittal on the armed robbery counts. Bay was originally sentenced for two armed and one unarmed robberies. Now that he is acquitted of the two armed robberies, his resentencing is addressed to an entirely different situation from the one that was presented at original sentencing. It is simply wrong to treat his new sentence as the same kind of "package" as his original sentence, and to shield it from the *Pearce* presumption simply because there is no net increase in the total sentence originally imposed. That original sentence included two armed robberies of which Bay is now established not to have been guilty.

The offenses of which Bay was acquitted are not interchangeable with the one of which he was convicted again on retrial. In the original sentencing, a term of 20 years was imposed for one armed robbery, 10 years for a second armed robbery, and 5 years' probation for the unarmed robbery. If the most severe term, 20 years, was appropriate for armed robbery initially, it stands to reason that something less than 20 years was appropriate for unarmed robbery.

I agree with the majority that the district court should not be restricted on resentencing to the original sentence of probation for unarmed robbery, subject to increase only if the requirements of *Pearce* are met. The original sentence of probation may well have been imposed on the unarmed robbery count only because a long period of incarceration was already in store for the defendant on the other counts. Some higher sentence than probation ought to be permitted, under the rule of *Hagler*, before the *Pearce* presumption is triggered. *Pearce* permits an increase in sentence only for a reason based upon new facts not before the court at the time of the original sentencing. *Pearce*, 395 U.S. at 726, 89 S.Ct. at 2081; *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 980–82, 89 L.Ed.2d 104 (1986). Yet *some* upward adjustment in the probationary sentence should be allowable, not because of defendant's conduct after the original sentencing, but because of the circumstances of the crime itself and the criminal who committed it. The difficulty is to arrive at a formula for an appropriate increase that does not create an appearance of vindictiveness.

Any such formula is likely to be artificial, but I would nevertheless adopt one to cover this case where the surviving count is not interchangeable with the reversed count and resentencing does not constitute essentially the same "package," as it did in *Hagler*. Here, the first sentence dealt with three convictions upon which a total sentence of 70 years could have been imposed —25 years for each armed robbery and 20 years for the unarmed robbery. 18 U.S.C. § 2113(a), (d). A total of 30 years' imprisonment was imposed. The sentence deemed appropriate by the district court was three-sevenths of the maximum for the entire package. On resentencing, the authorized maximum was 20 years. I would apply the *Pearce* requirements to any sentence exceeding three-sevenths of 20 years, or approximately 8.57 years.

I would therefore vacate the 20 year sentence for armed robbery and would remand for resentencing, with instructions that any sentence in excess of 8.57 years be justified on the record by new evidence

relating to the conduct of the defendant that was not before the court at the first sentencing, as *Pearce* requires. In the absence of any such justification, the present 20 year sentence for unarmed robbery gives the appearance of vindictiveness—vindictiveness in the form of punishment, to the extent possible, for taking a successful appeal, or punishment in part for crimes of which defendant now stands acquitted.