988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Eugene STULTZ, Defendant-Appellant.
 No. 92-10216.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 18, 1992.
Decided March 12, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-88-00350-WBS; William B. Shubb, District Judge, Presiding.
 E.D.Cal. [APPEAL AFTER REMAND FROM 928 F.2d 409].
 AFFIRMED.
 Before HUG, PREGERSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Eugene Stultz was convicted of manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and sentenced to 121 months under the Sentencing Guidelines by United States District Judge Raul A. Ramirez. Stultz appealed this sentence, arguing that the district court had improperly added points to his base offense level for possession of a weapon. We agreed and remanded the case for an evidentiary hearing. United States v. Stultz, No. 89-10387 (9th Cir. March 15, 1991) (unpublished memorandum). On remand, the Government chose not to pursue the weapon enhancement, and Stultz was resentenced by U.S. District Judge William B. Shubb to the same sentence, 121 months. Stultz now appeals his resentencing.
 
 I.
 
 3
 Stultz argues that the district court exceeded its authority by recalculating his criminal history category upon remand. We disagree.
 
 
 4
 When Stultz was first sentenced, Judge Ramirez calculated his base offense level, including an enhancement for weapon possession, at 31. The judge then calculated his criminal history at category III, but made a discretionary departure to category II for the stated reason that category III overstated Stultz's criminal record. Judge Ramirez identified the applicable guideline range as 121 to 151 months and sentenced Stultz to 121 months.
 
 
 5
 After the case was remanded and the Government chose not to pursue the weapon enhancement, Stultz argued that Judge Shubb should (1) recalculate his base offense level at 29, (2) abide by Judge Ramirez's departure to criminal history category II, (3) determine the applicable range to be 97 to 121 months, and (4) resentence Stultz at the lower end of the applicable range as Judge Ramirez had apparently done.
 
 
 6
 After considering these arguments, Judge Shubb resentenced Stultz to 121 months. Judge Shubb agreed that Stultz's recalculated base offense level was 29. He stated that he was disinclined to depart to criminal history category II, but declined to rule on that issue because, in either case, 121 months would fall within the applicable guideline range. Stultz reiterates the arguments he made at the sentencing hearing, insisting that Judge Ramirez's departure to criminal history category II was (1) the law of the case and (2) not disturbable because the Government had never appealed it.
 
 
 7
 Though we doubt Judge Shubb was bound by Judge Ramirez's discretionary departure, we need not reach the merits of this contention. Where the district court had the intent and authority to impose the same sentence, regardless of how a particular issue was resolved, we need not resolve the issue. United States v. Cooper, 912 F.2d 344, 348 (9th Cir.1990); United States v. Turner, 881 F.2d 684, 688-89 (9th Cir.), cert. denied, 493 U.S. 871 (1989). The sentencing transcript makes clear Judge Shubb's belief that 121 months was an appropriate sentence under the circumstances. The Sentencing Guidelines make clear, moreover, that whether Stultz was sentenced under offense level 29 and criminal history category II (97 to 121 months) or offense level 29 and criminal history category III (108 to 135 months), his sentence of 121 months would fall within the guideline range. Under these circumstances, our resolution of this issue would be purely advisory. We therefore decline to resolve it. See Cooper, 912 F.2d at 348; Turner, 881 F.2d at 689.
 
 II.
 
 8
 Stultz also argues that his sentence is vindictive and therefore violative of due process under North Carolina v. Pearce, 395 U.S. 711 (1969). In Pearce, the Supreme Court held that the resentencing of a defendant to a greater sentence after retrial raises the presumption that the sentence is unconstitutionally motivated by vindictiveness. See id. at 725-26. Where a judge imposes such a sentence, there must be objective reasons for his doing so, based upon the defendant's conduct following the original sentencing. Id. at 726.
 
 
 9
 Stultz argues that although he received the same 121-month sentence on remand, the sentence represents judicial vindictiveness because either of the guideline ranges which might be applicable after his successful appeal were lower than the range under which he was originally sentenced. Judge Ramirez originally calculated the applicable range to be 121 to 151 months, based upon an offense level of 31 and a criminal history category of II. The ranges applicable upon remand, after the offense level was reduced to 29, were either 97 to 121 months (under criminal history category II) or 108 to 135 months (under criminal history category III). Stultz contends that Judge Shubb's imposition of the same sentence on remand, given the existence of lower ranges, is relatively more severe.
 
 
 10
 We do not believe that these circumstances raise a presumption of vindictiveness or implicate a due process violation under Pearce. We have repeatedly held that there is no presumption of vindictiveness where there is no net increase in a defendant's sentence upon remand. United States v. Bay, 820 F.2d 1511, 1513 (9th Cir.1987); United States v. Hagler, 709 F.2d 578, 579 (9th Cir.), cert. denied, 464 U.S. 917 (1983). Stultz clearly received the same sentence on remand.
 
 
 11
 Stultz attempts to distinguish our opinions in those cases on the basis that they did not involve sentences imposed under the Sentencing Guidelines. We do not find the distinction persuasive. Regardless of the sentencing scheme, we believe that this case is fundamentally similar to Bay and Hagler: the resentencing judge had the authority to lower the defendant's sentence after a successful appeal but, instead, left the original sentence in tact. These facts do not implicate a due process violation.
 
 
 12
 The sentence is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3