38 F.3d 1219
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Michael COHEN, Defendant-Appellant.
 No. 93-50593.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1994.
Decided Oct. 11, 1994.
 
 Before: FEINBERG,* SCHROEDER, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Cohen was convicted by jury of aiding and abetting bankruptcy fraud, obstruction of justice and making false statements. He was sentenced to 46 months imprisonment on each of the eight counts upon which he was convicted, the terms to be served concurrently. On appeal of that conviction, this court reversed his conviction as to one count and remanded for resentencing on the remaining counts. U.S. v. Cohen, No. 92-50077 (9th Cir. May 6, 1993). Cohen now appeals the sentence. We affirm.
 
 
 3
 In our original remand, we suggested the district court may have erred in enhancing Cohen's sentence for his leadership role in the offense. The other charged participants, the Polvadores, had been acquitted and were apparently regarded by the district court as not having been criminally responsible for the commission of the offense. Hence, we suggested that Cohen should not receive an adjustment for leading others in the commission of the offense. On remand, the district court agreed and ruled that the enhancement should have been for committing a crime involving vulnerable victims. The district court reimposed the concurrent sentences of 46 months.
 
 
 4
 On appeal, Cohen contends that the enhancement on remand was improper as presumptively vindicative, relying on North Carolina v. Pearce, 395 U.S. 711, 725 (1969). Pearce involved the imposition of a "more severe" sentence after retrial, id. at 726, while in this case the sentence imposed was no more severe than the original sentence. We have held that where there is "no net increase" in the sentence on remand, Pearce is inapplicable. United States v. Hagler, 709 F.2d 578, 579 (9th Cir.), cert. denied, 464 U.S. 917 (1983). In this case, there is no indication whatsoever that the district court's action on remand was in retaliation for Cohen having taken the original appeal. Rather, the district court merely corrected and clarified the reason for the original sentence.
 
 II.
 
 5
 Cohen also contends that the district court erred at resentencing in refusing to grant him a downward adjustment for acceptance of responsibility. He bases his claim solely upon a letter written to the district court one week before resentencing and two years after the commission of the offense. The letter, which does not appear in this record but which the district court mentioned at resentencing, is the only suggestion in the history of this case of any acceptance of responsibility on the part of the appellant. At the original sentencing, the district court had denied a similar "responsibility" adjustment request, which Cohen did not challenge in his first appeal. In denying the adjustment request at resentencing, the district judge stated that she did not believe the letter was an appropriate acceptance of responsibility and further noted that it was "two years after the fact." ER 117. Under the Guidelines, one in the position of the appellant, who has received an upward adjustment for obstruction of justice, is entitled to an acceptance of responsibility downward adjustment only in "extraordinary cases." U.S.S.G. Sec. 3E1.1 App. Note 4. This is not such a case.
 
 III.
 
 6
 Cohen additionally contends that the district court erred in looking to convictions that were over fifteen years old as grounds for an upward departure to criminal history category II. Generally, any prior sentences of imprisonment exceeding one year and one month that were imposed and served before the fifteen years preceding defendant's commencement of the instant offense are not counted against defendant for computing his criminal history. U.S.S.G. Sec. 4A1.2(e)(1) and (3). However, Application Note 8 to this section creates an exception: "If the court finds that a sentence imposed outside this time period is evidence of similar ... criminal conduct, the court may consider this information in determining whether an upward departure is warranted under Sec. 4A1.3 (Adequacy of Criminal History Category)." U.S.S.G. Sec. 4A1.2 App. Note 8.
 
 
 7
 Here, the district court found that Cohen's grand theft convictions of 1974 and 1975 combined with his instant offense of bank fraud to create a "pattern" of similar criminal behavior justifying an upward departure to category II. ER 114. The court committed no error in identifying this pattern. See United States v. Starr, 971 F.2d 357, 362 (9th Cir.1992) (government's mere assertion that the instant and prior offenses were " 'crimes of theft'.... was a sufficient basis upon which to conclude that the ... offenses were similar"; inquiry into specific facts of prior convictions not necessary).
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3