62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Vongrastic LOGAN, Defendant-Appellant.
 No. 95-50084.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1995.*
Decided Aug. 4, 1995.
 
 Before: HUG, SCHROEDER, and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Logan appeals his resentencing for unarmed bank robbery following remand by this court after we reversed his conviction for armed bank robbery. He contends that the district court erred by: 1) sentencing him at the high end of his applicable guideline range, and 2) sentencing him to a five-year supervised release period. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part and vacate and remand for resentencing in part.
 
 I.
 
 3
 Logan contends that the district court violated his due process rights by vindictively sentencing him at the high end of the applicable guideline range after Logan prevailed on an earlier appeal. We disagree.
 
 
 4
 We conclude that Logan failed to prove that the district court acted vindictively in sentencing him. In North Carolina v. Pearce, 395 U.S. 711 (1969), the Supreme Court held that a presumption of vindictiveness arises whenever a judge imposes a "more severe sentence" upon remand after a successful appeal. However, that presumption arises only if "the second sentence imposed on the defendant [is], in fact, [] more severe than the first." United States v. Bay, 820 F.2d 1511, 1513 (9th Cir. 1987). As long as Logan did not receive a "net increase" in his sentence, he is not entitled to the presumption of vindictiveness. Id.
 
 
 5
 Logan's original guideline range was 120 to 150 months. The district court sentenced Logan in the middle of this range, imposing a 135-month sentence. After his successful appeal, Logan's new guideline range was 77 to 96 months. The district court imposed a 96-month sentence. Logan contends that because he was originally sentenced in the middle of the guideline range, the district court, in essence, was constrained to sentence him again in the mid-range. However, no such rule exists. Furthermore, Logan's sentence is substantially less severe on remand than his original sentence. Thus, the Pearce presumption is inapplicable here, and Logan must establish actual vindictiveness in order to prevail. Alabama v. Smith, 490 U.S. 794, 799-800 (1989) (burden on defendant to prove actual vindictiveness); Bay, 820 F.2d at 1513.
 
 
 6
 Logan offers three statements by the district court on resentencing as proof of vindictiveness. The court stated, "I may not agree at all with the Ninth Circuit's evaluation of that downward adjustment, but I'm compelled by mandate to do it." The court went on to justify its sentencing decision by stating, "Whereas, previously, I adopted the mid-range, I don't think I should do so in this case. I do think the activities were such, and the guidelines would give me the discretion within that area or that range, I would impose the maximum within that range." The district court's disagreement with our ruling is insufficient evidence of actual vindictiveness. The court merely expressed its belief that a sentence of 96 months was appropriate in this case. This decision was fully within the court's discretion. The sentencing range in this case was less than 24 months; therefore, the district judge was not required to state his reasons for selecting a sentence within that range. 18 U.S.C. Sec. 3553(c)(1). Finally, Logan's reliance on the district court's statement that it was "imposing the exact same sentence with the exact same conditions that were previously imposed with the exception of a five-level downward adjustment" is misplaced. Read in context, the court was simply noting that all other conditions of the earlier judgment would remain in effect. Logan has failed to show vindictiveness.
 
 II.
 
 7
 Logan's second contention is that the district court erred in sentencing him to five years' supervised release. We agree. Pursuant to 18 U.S.C. Sec. 3583(b), Logan's authorized term of supervised release may not be more than three years because his conviction for unarmed bank robbery carries a penalty of not more than 20 years' imprisonment, making it a Class C felony. See 18 U.S.C. Sec. 2113(a); 18 U.S.C. Sec. 3559(a)(3). The Government concedes that the district court erred. Therefore, we remand for the limited purpose of correcting Logan's supervised release term.
 
 
 8
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3