62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald W. HANCOCK, Petitioner-Appellant,
v.
OREGON STATE BOARD OF PAROLE, Respondent-Appellee.
 No. 94-35926.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1995.
Decided Aug. 1, 1995.
As Amended Sept. 12, 1995.
 
 1
 Before: GOODWIN and HUG, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner, Ronald Hancock, argues that the Oregon State Board of Parole ("Board") violated his due process rights by vindictively imposing a more severe penalty following Hancock's successful appeal to the Oregon Court of Appeals, which had ruled that the Board improperly considered an aggravating factor when calculating Hancock's parole release date. The district court denied Hancock's petition, and we affirm that decision.
 
 
 4
 Under North Carolina v. Pearce, 395 U.S. 711, 726 (1969), the imposition of a more severe sentence after a successful appeal is presumptively a due process violation. We need not rule on whether Pearce applies to a state parole board, however, because, as we explain below, even if it did apply, it would make no difference to Hancock's petition.
 
 
 5
 We have previously held that the Pearce presumption only applies where there is a "net increase" in the sentence following appeal. United States v. Bay, 820 F.2d 1511, 1513 (9th Cir. 1987). In the present case, Hancock's original parole release term was 360 months. Following his successful appeal, the Board reimposed a 360-month release term. Thus, Hancock's "sentence" following his successful appeal was no greater than it had been before his appeal. The Pearce presumption of vindictiveness therefore does not apply. Id. The fact that the Board had to "re-sum" Hancock's terms to create the permissible sentencing range makes no difference. The fact remains that Hancock's sentence following his successful appeal is no greater than it had been originally. The record clearly demonstrates that the Board merely considered a 360-month release term to be the appropriate sentence for someone with Hancock's criminal history. There is no evidence of vindictive animus to support a finding of actual vindictiveness. Thus, Hancock's due process claim fails.
 
 
 6
 Hancock also argues that the Board was unauthorized to reexamine issues outside of the limited remand of the Oregon Court of Appeals. We disagree. The Board is an entity created by state statute. Or. Rev. Stat. Ann. Sec. 144.005. It is statutorily authorized to reconsider a prisoner's parole plan at any time on its own initiative or at the request of the Department of Corrections. Id. at Sec. 144.125. The Board had, and continues to have, discretion to reexamine Hancock's parole term at any time and make any adjustments it deems appropriate.
 
 
 7
 The judgment of the district court denying Hancock's petition for writ of habeas corpus is affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3