133 F.3d 931
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Michael STANDARD; aka; Robert Standard, Defendant-Appellant.
 No. 96-50407.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 9, 1997**
Decided Dec. 24, 1997.
 
 Before PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rocbert M. Standard appeals his sentence imposed following United States v. Standard, No 95-50069 (9th Cir. Apr. 26, 1996), in which this court reversed Standard's convictions for two counts of bank fraud (18 U.S.C. § 152) and one count of filing a false tax return (26 U.S.C. § 7206(1)); upheld his convictions for one count of bankruptcy fraud and one count of filing a false tax return and remanded for resentencing. We affirm in part, reverse in part, and remand For resentencing.
 
 
 3
 Because the parties are familiar with the facts, we need not recite them here.
 
 I.
 
 4
 A defendant must be sentenced under that version of the Sentencing Guidelines which is "in effect on the date when the defendant is sentenced." 18 U.S.C. § 3553(a)(4); U.S.S.G. § 1B.11(a)(1). If, However, the use of the Guidelines on the date of sentencing is found to violate the Ex Post Facto Clause, U.S. Const. Art. I, § 9 cl. 3, the sentencing court must apply those guidelines which were in effect on the date the offense was committed. U.S.S.G. § 1B1.11(b)(1); United States v. Paskow, 11 F.3d 873, 877 (9th Cr.1993).
 
 
 5
 The Ex Post Facto Clause prohibits the retroactive application of laws when such application disadvantages defendants. Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995). Applied to the Sentencing Guidelines, this court has found that, "when application of a version of the Guidelines enacted after the offense leads to a higher punishment than would application of the Guidelines in effect at the time of the offense, there is an ex post facto problem." United States v. Ortland, 109 F.3d 539, 546 (9th Cir.1997).
 
 
 6
 In this case, the events constituting Count 2 occurred on October 15, 1989, the date on which Standard filed his 1988 tax return, and Count 5 occurred between June 30, 1991 and June 20, 1993, the dates on which Standard filed his bankruptcy schedules. The 1988 Guidelines were in effect at the time of Count 2 while the 1992 version was in effect on June 20, 1993.
 
 
 7
 Ex post facto was violated here because the district court's application of the 1992 Guidelines resulted in a harsher sentence than Standard would have received had the district court applied the 1938 version. Accordingly, we remand with instructions to the district court to resentence Standard, applying the 1988 Guidelines to Count 2. In particular, the district court should apply the 1988 Guidelines in assessing its previous two-level upward adjustment under U.S.S.G. § 2T1.3(b)(1), as well as its prior application of § 2T4.1, determine the proper offense level based on the tax loss.
 
 II.
 
 8
 The district court applied the multiple count upward adjustment under U.S.S.G. § 3D1.4. On remand, the district court should apply any Section 3 enhancements prior to the application of any multiple count adjustments. See U.S.S.G. §§ 3D1.1 and 3D1.3.
 
 III.
 
 9
 The district court did not err in applying both a four-level enhancement for Standard's leadership in the offense (U.S.S.G. § 3B1.1(a)) and a two-level enhancement for obstruction of justice under § 3C1.1. The same enhancements would apply under both the 1992 and 1988 Guidelines.
 
 IV.
 
 10
 Without either an increase in sentence or an independent showing of vindictiveness, there is no basis to support the claim that the district court was vindictive in its resentencing of Standrd. United States v. Hagler, 709 F.2d 578, 579 (9th Cir.1983).
 
 VI.
 
 11
 Standard's original sentence was not increased on resentencing. Moreover, Standard appealed this original sentence and has yet to finish serving either the original or amended sentence. Thus, he has no claim for relief under the Double Jeopardy Clause. United States v. Ponce, 51 F.3d 820, 826 (9th Cir.1995).
 
 VI.
 
 12
 The district court should proceed to resentence Standard, applying the 1988 Guidelines the base offense level and enhancements related to Count 2 and making new findings where those Guidelines so require. In addition, any Section 3 enhancements should be applied prior to the application of a multiple count adjustment. Any other enhancements previously made by the district court may be included in its calculation on resentencing.
 
 
 13
 Affirmed in part, reversed in part, and remanded for resentencing.
 
 
 
 **
 The panel finds this case appropriate for submission without arguments pursuant to Fed. R.App. P 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3