**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Charles Dennis KILES, Defendant—
Appellant.**

**No. 04–10042.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 8, 2005.*

Decided June 14, 2005.

Jodi B. Rafkin, U.S. Attorney Office, Sacramento, CA, for Plaintiff–Appellee.

Bruce Locke, Esq., Sacramento, CA, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2)(C).

MEMORANDUM **

Defendant Charles Kiles appeals his sentence following remand. Because Kiles's new sentence of 262 months is lower than his prior sentence of 264 months, the presumption of vindictiveness under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), does not apply. *See United States v. Bay*, 820 F.2d 1511, 1513 (9th Cir.1987). In the absence of this presumption, Kiles would have to demonstrate actual vindictiveness by the sentencing judge, which he has not done. *See Alabama v. Smith*, 490 U.S. 794, 799–800, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

While Kiles's appeal was pending, the Supreme Court decided *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Kiles requested permission to file additional briefing to respond to this decision. In light of the Supreme Court's subsequent decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we find additional briefing to be unnecessary and deny his motion. We, instead, construe Kiles's motion as preserving a *Booker* challenge to his sentence; that is, that the sentencing judge enhanced the sentence in reliance upon judge-made findings under the then-mandatory sentencing guidelines. *See id.* at 755–56.

This error, even though "plain," does not necessarily require resentencing. We must determine whether the error affected Kiles's substantial rights. *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005). We noted in *Ameline* that ordinarily the best approach is to order a limited remand to the district court to determine whether the sentencing judge would impose a different sentence under the now advisory Guidelines. *Id.* at 1086. This case, however, is one of those rare cases in which the record provides a reliable answer to that question, eliminating the need for such an inquiry.

Confronted twice with the task of sentencing Kiles, the district court sentenced Kiles to 264 and 262 months, respectively. The first sentence was in the middle of the calculated guideline range; the second was at the high end of the new guideline range, as calculated on remand. In the second sentencing, the district judge indicated that, although he *could* apply different enhancements and reimpose the original 264-month sentence, it was not "worth it" for a two-month difference in sentence, especially since doing so would give Kiles another ground for appeal. Thus, if anything, the record reveals that the district court would probably have imposed a higher sentence under an advisory guideline regime. As such, Kiles's substantial rights were not affected and no resentencing is required.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.