**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WAYNE ALAN PARTIN,

Defendant - Appellant.

No. 13-30015

D.C. No. 2:12-cr-00008-DLC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Argued and Submitted March 7, 2014
Portland, Oregon

Before: TROTT and W. FLETCHER, Circuit Judges, and BLOCK, Senior
District Judge.[**]

Wayne Alan Partin appeals his sentence following his guilty pleas for

conspiring to distribute controlled substances in violation of 21 U.S.C. § 846 and

accessing with intent to view child pornography in violation of 18 U.S.C.

§ 2252A(a)(5)(B).  The district court sentenced Partin to concurrent 120-month

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Frederic Block, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

sentences on each count. We have jurisdiction under 28 U.S.C. § 1291. We vacate Partin's sentence on both counts and remand.

The appeal waiver in Partin's plea agreement does not bar his appeal because the applicable waiver provision was never mentioned during the plea colloquy, and the district court misstated the scope of the provision it did mention. *See* Fed. R. Crim. P. 11(b)(1)(N); *United States v. Arellano-Gallegos*, 387 F.3d 794, 797 (9th Cir. 2004) (finding plain error under Rule 11 where "the plea waiver was never mentioned in open court prior to the acceptance of the plea"). We note that neither the government nor defense counsel, who were present at the colloquy and knew the terms of the plea agreement, brought these mistakes to the district court's attention.

The district court correctly calculated the Sentencing Guidelines range for Partin's child pornography offense. The government did not have to prove that Partin controlled the images of child pornography found in his computer cache, shadow volume, and unallocated space. Unlike the defendant in *United States v. Kuchinski*, 469 F.3d 853 (9th Cir. 2006), who was convicted of possessing child pornography, *id.* at 856, Partin pled guilty to accessing with intent to view child pornography. Therefore, for Partin's offense to have "involved . . . 600 or more images," U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2G2.2(b)(7)(D), Partin

need only have accessed with intent to view those images. Partin's arguments that this renders the Sentencing Guidelines nonsensical are without merit.

The district court did not clearly err in finding that Partin accessed with intent to view 600 or more images of child pornography. Partin visited about 2,000 individual pages on a website containing child pornography. Each page contained twenty-one thumbnail images, some of which were images of child pornography and some of which were not. The government's expert testified that every image was immediately viewable at the top of each page. The government's expert also testified that each of the more than 1,800 images of child pornography on Partin's computer must have appeared on a page that Partin actually visited. The government thus established that every image on Partin's computer appeared at the top of his computer screen. It was not clear error to find that Partin accessed with intent to view 600 or more of those images.

The district court did not strictly comply with Fed. R. Crim. P. 32 because it referenced disputed facts at sentencing without resolving the dispute. *See* Fed. R. Crim. P. 32(i)(3)(B) ("At sentencing, the court . . . must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing . . . .");

*United States v. Fernandez-Angulo*, 897 F.2d 1514, 1516 (9th Cir. 1990) (en banc) (requiring "strict compliance" with Rule 32).  The district court referenced the disputed fact that Partin transported drugs in five-gallon buckets, implying that his crime involved an enormous quantity of drugs.  Further, the district court referenced Partin's intent to sell the drugs when he had denied such an intent, contending instead that he intended merely to distribute them.  We cannot be confident that the district court did not rely on these disputed facts in weighing the 18 U.S.C. § 3553(a) factors, deciding what weight—if any—to give the government's U.S.S.G. § 5K1.1 motion, and calculating Partin's overall sentence. *See United States v. Bay*, 820 F.2d 1511, 1514 (9th Cir. 1987) (noting that a sentence depends on "the totality of the circumstances" and is not "tied inextricably" to any one crime of conviction).

Because it is a common and commendable practice for district judges to consider sentences holistically, *see* 18 U.S.C. § 3553(a), we vacate Partin's sentence on both counts and remand for resentencing on an open record, even though the district court did not err in imposing sentence on the accessing child pornography count.  *See Fernandez-Angulo*, 897 F.2d at 1516 n.2; *United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002) (en banc).

**VACATED and REMANDED.**