**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-30308 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00008-DLC-1 |
| v. | |
| WAYNE ALAN PARTIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted October 5, 2016[**]
Seattle, Washington

Before:  W. FLETCHER, FISHER and N.R. SMITH, Circuit Judges.

For the third time, Wayne Alan Partin seeks to challenge imposition of

Sentencing Guidelines enhancements to his conviction for access with intent to

view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  Partin

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

contends *United States v. Kuchinski*, 469 F.3d 853 (9th Cir. 2006), prevents imposition of these enhancements. Because this issue has already been addressed by a previous panel, the law of the case prevents us from considering the question anew. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

Partin's argument that the previous panel's decision should be afforded little deference under *United States v. Houser*, 804 F.2d 565, 568 (9th Cir. 1986), is unpersuasive. Unlike the motions panel in *Houser*, the previous merits panel provided more than sufficient explanation of its decision. *See United States v. Partin*, 565 F. App'x 626, 626-27 (9th Cir. 2014). That Partin chose not to seek en banc review or file a certiorari petition is of no consequence. Nothing prevented him from doing so. He chose to take his chances on remand. Lack of success there does not mandate review here.

Partin does not convince us that any of the circumstances meriting reconsideration of a previously resolved question are present. *See Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993). We therefore decline to do so.

**AFFIRMED**.