NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30181 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00041-JLQ-1 |
| v. | |
| JUSTIN CURTIS WERLE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, District Judge, Presiding

Submitted December 5, 2017[**]
Seattle, Washington

Before: O'SCANNLAIN, TALLMAN, and WATFORD, Circuit Judges.

Justin Curtis Werle appeals the district court's imposition of consecutive

sentences after he pled guilty to (1) unlawful possession of a firearm and

ammunition, in violation of 18 U.S.C. § 922(g)(1), and (2) possession of an

unregistered firearm, in violation of 26 U.S.C. § 5861(d). Because the facts are

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

known to the parties, we repeat them only as necessary to explain our decision.

I

Werle's procedural attack on his consecutive sentences is without merit, because the district judge "adequately [] explain[ed] the sentence selected." *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). The district judge determined that a total sentence of 140 months was appropriate and thoroughly explained his decision: he considered the sentencing factors in 18 U.S.C. § 3553(a), emphasizing Werle's criminal history, and concluded that a 140-month sentence "is sufficient but not greater than necessary" to ensure "adequate deterrence and . . . protect the public." And the judge selected consecutive sentences in order to ensure that Werle was imprisoned for 140 months, because each of Werle's counts carries a maximum sentence of 10 years.

II

Werle's substantive attacks on his consecutive sentences also fail. [1]

A

The district judge did not vindictively impose a harsher sentence to punish Werle for appealing his initial sentence. *See Alabama v. Smith*, 490 U.S. 794, 798–

---

[1] Werle also argues that the district court erred in determining that his prior convictions for felony harassment under Washington Revised Code § 9A.46.020(2)(b)(ii) were crimes of violence, thereby imposing a sentence enhancement. We address this argument in a contemporaneously filed per curiam opinion.

99 (1989) (holding that vindictive sentencing after appeal violates due process). The district judge lowered Werle's total sentence after his appeal: he was initially sentenced to 180 months, but was sentenced to 140 months after the appeal. Thus, Werle does not benefit from any presumption of vindictiveness. *See United States v. Hagler*, 709 F.2d 578, 579 (9th Cir. 1983) (finding no vindictiveness without a net increase in punishment). And the mere imposition of consecutive, rather than concurrent, sentences after appeal raises no specter of vindictiveness, because the district judge properly utilized consecutive sentences in order to reach his selected "total punishment" of 140 months. *See* U.S.S.G. § 5G1.2(d).

## B

Werle was not improperly punished twice for the same crime, because each of his two counts "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). A conviction under 18 U.S.C. § 922(g)(1) requires proof that the defendant is a felon, while a conviction under 26 U.S.C. § 5861(d) requires proof that the firearm is unregistered.

## III

The judgment of the district court is **AFFIRMED**.