**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-30185 |
| Plaintiff-Appellee, | D.C. Nos.<br>2:11-cr-00173-LRS-1<br>2:11-cr-00173-LRS |
| v. | |
| CAVON C. CLARK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted August 10, 2022
Seattle, Washington

Before:  BERZON, CHRISTEN, and FORREST, Circuit Judges.

Cavon Clark pleaded guilty to one count of production of child pornography

and one count of transportation of child pornography.  Following two successful

sentencing appeals, Clark's net prison sentence was reduced from 55 years'

imprisonment to 38 years' imprisonment.  He again appeals his sentence.  As none

of his claims have merit, we affirm the district court's sentencing decision.

---

         *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.  Clark's net prison sentence was reduced on remand by 17 years, representing a roughly 30 percent reduction in prison time.  He nevertheless argues that, because the district court "abruptly changed course" on remand from having his two terms of imprisonment run concurrently to having them run consecutively, his sentence triggers the presumption of vindictiveness and violates due process. *See, e.g.*, *Wasman v. United States*, 468 U.S. 559, 564–65 (1984).  Not so.  When a defendant's overall sentence does not increase on remand and the record demonstrates that the district court sought to impose a balanced aggregate sentence after accounting for the totality of the circumstances, no presumption of vindictiveness arises even if an individual component of the defendant's sentence has adversely changed.  *United States v. Horob*, 735 F.3d 866, 868–72 (9th Cir. 2013) (per curiam); *United States v. Bay*, 820 F.2d 1511, 1512–14 (9th Cir. 1987); *United States v. Hagler*, 709 F.2d 578, 579 (9th Cir. 1983).  The district court imposed Clark's sentence in accordance with this principle.

It is of no matter that the district court did not run Clark's sentences consecutively until the third sentencing hearing.  District courts are authorized on remand to reconsider a defendant's sentencing package in its entirety, even if the basis for remand is limited to only one aspect of the sentence.  *Troiano v. United States*, 918 F.3d 1082, 1087 (9th Cir. 2019); *see also United States v. Handa*, 122 F.3d 690, 692 (9th Cir. 1997); *United States v. McClain*, 133 F.3d 1191, 1193

2

(9th Cir. 1998).  That discretion reflects the fact that "[n]o portion of the sentence imposed on a defendant convicted of multiple crimes . . . can be said to be tied inextricably to any one of the package of crimes before the judge." *Bay*, 820 F.2d at 1514.  To the contrary, a sentencing court is free to select an overall punishment that properly accounts for the totality of the circumstances and then tailor the contours of the sentence for each individual crime to fit that overall goal.  *Id.*; *see also* U.S.S.G. § 5G1.2(d).

2.  Clark argues that his sentence is substantively unreasonable, either because his "functional co-defendant" Romano was sentenced to only 20 years' imprisonment or because the district court "paid mere lip service" to his mitigation evidence.  Neither argument is availing.

Courts must consider, when selecting an appropriate sentence for a given defendant, the sentences given to other defendants who have similar criminal records and have been found guilty of similar conduct even if those defendants were sentenced by a judge sitting in a different jurisdiction.  *See, e.g.*, *United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007).  But district courts should not create "unwarranted [sentencing] *similarities*" by approximating the sentence of a co-defendant not "similarly situated." *Gall v. United States*, 552 U.S. 38, 55–56 (2007); *see also Rita v. United States*, 551 U.S. 338, 349 (2007).  Romano is not similarly situated to Clark because, unlike Clark, he had no criminal history

and was not convicted of transportation of child pornography. The district court thus had a reasoned basis for imposing a lengthier sentence on Clark.

Moreover, the district court expressly took account of Clark's impairments and troubled background when it concluded that a sentence of 38 years' imprisonment followed by lifetime supervised relief is a sufficient but not greater than necessary punishment under the totality of the circumstances. That sentence was 12 years less than the Guidelines maximum sentence. Reviewing the record, we are not left with "a definite and firm conviction" that Clark's sentence is substantively unreasonable. *United States v. Ressam*, 679 F.3d 1069, 1086–90 (9th Cir. 2012) (en banc) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (en banc)).

3. Clark contends that the district court did not provide an adequate explanation for its sentencing decision. This argument also fails. The district court explained the basis for Clark's sentence at length and directly responded to the substantive arguments advanced by Clark's counsel. The court's explanation is sufficient to permit meaningful appellate review and promote the perception of fair sentencing. *See Gall*, 552 U.S. at 50; *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1963–64 (2018).

**AFFIRMED.**