**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES TROIANO,
*Petitioner-Appellant*,

v.

UNITED STATES OF
AMERICA,
*Respondent-Appellee.*

No. 18-15183

D.C. Nos.
1:16-cv-00512-HG-KSC
1:05-cr-00261-HG-1

OPINION

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Argued and Submitted February 11, 2019
Honolulu, Hawaii

Filed March 22, 2019

Before: Richard C. Tallman, Jay S. Bybee,
and N. Randy Smith, Circuit Judges.

Opinion by Judge Tallman

## SUMMARY[*]

### 28 U.S.C. § 2255

The panel affirmed the district court's order correcting the defendant's sentence as to only one of his four counts of conviction following his partially successful motion for relief under 28 U.S.C. § 2255, and denied his motion to expand the certificate of appealability.

The panel held that the abuse-of-discretion standard applies for reviewing a district court's choice of remedial action in response to a successful or partially successful 28 U.S.C. § 2255 motion.

The defendant contended that the district court was required to conduct a full resentencing proceeding on all counts because removing the Armed Career Criminal Act sentencing enhancement from one count necessarily impacted the court's consideration of his full sentencing package. The panel held that the district court did not abuse its discretion when it corrected the defendant's sentence only as to the count of conviction affected by *Johnson v. United States*, 135 S. Ct. 2551 (2015). The panel wrote that even if the counts were grouped for sentencing—something the record does not reflect—the decision to restructure a defendant's sentence when only one of the counts of conviction is found to be invalid is not mandatory. The panel wrote that, in any event, it is evident from the record that the defendant's counts of conviction were not actually grouped

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

for sentencing in any material way that might have led the district court, in its discretion, to unbundle them for sentencing.

The panel declined to certify two additional issues for appeal.

## COUNSEL

Peter C. Wolff, Jr. (argued), Assistant Federal Defender, Office of the Federal Public Defender, Honolulu, Hawaii, for Petitioner-Appellant.

Marion Percell (argued) and Jill Otake, Assistant United States Attorneys; Kenji M. Price, United States Attorney; United States Attorney's Office, Honolulu, Hawaii; for Respondent-Appellee.

## OPINION

TALLMAN, Circuit Judge:

Federal prisoner James Troiano appeals the district court's order correcting his sentence only as to one of his four counts of conviction following his partially successful motion for relief under 28 U.S.C. § 2255. Troiano contends the court was required to conduct a full resentencing proceeding on all counts because removing the Armed Career Criminal Act ("ACCA") sentencing enhancement from one count necessarily impacted the court's consideration of his full sentencing package. We conclude that the district court did not abuse its discretion in correcting only one count of Troiano's sentence. We decline to certify

the two additional issues Troiano seeks to appeal, and we do not reach them.

# I

In 2006, Troiano was convicted by a federal jury on four counts—Count 1: Conspiracy to obstruct commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 1952 ("Hobbs Act conspiracy"); Count 2: Obstructing commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 1952 ("Hobbs Act robbery"); Count 3: Use of a firearm in obstructing commerce by robbery, in violation of 18 U.S.C. § 924(c); and Count 4: Felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). These charges stemmed from the robbery of a convenience store in Waialua, Hawaii, carried out by Troiano and others. During the robbery Troiano brandished a Colt .45 semi-automatic pistol, took $12,000 from an ATM, and injured the store clerk.

At sentencing, the government introduced certified copies of Troiano's prior Hawaii state convictions, including, as relevant here, two 1991 and two 1998 convictions for burglary in the first degree. The Presentence Investigation Report ("PSR") noted that Troiano was subject to the career offender sentencing enhancement under U.S.S.G. § 4B1.1,[1] because he was over 18 at the time of the instant offense, the offense was a crime of violence, and he had at least two predicate felony convictions for crimes of violence (the 1991 and 1998 Hawaii first-degree burglaries). The PSR also explained that Troiano faced a mandatory

---

[1] All references herein are to the 2005 version of the United States Sentencing Guidelines, under which Troiano was sentenced, and to then-current versions of relevant statutes.

7-year consecutive sentence on Count 3 under 18 U.S.C. § 924(c)(1)(A)(ii), for brandishing a firearm during and in relation to a crime of violence. Further, the PSR noted that Troiano faced a mandatory minimum term of 15 years on Count 4 under 18 U.S.C. § 924(e)(1), because, under the ACCA, Troiano had three previous convictions "for a violent felony . . . committed on occasions different from one another[.]"

For the purpose of calculating Troiano's Sentencing Guidelines range, the PSR explained that Counts 1 and 2 were grouped under U.S.S.G. § 3D1.2(b), because Count 2 charged a substantive offense that was the subject of the conspiracy charged in Count 1. Count 3 was not grouped with any other count because of the mandatory 7-year consecutive sentence it carried. Count 4 also was not grouped because the mandatory consecutive sentence for Count 3 already accounted for the firearm possessed in connection with the robbery counts.[2] Ultimately, due to his career offender status, Troiano's Guidelines range on Counts 1 and 2, as well as on Count 4, was 360 months to life. The PSR referenced U.S.S.G. § 5G1.2(e), stating that in cases involving career offenders, "to the extent possible, the total punishment is to be apportioned among the counts of conviction, except that . . . the [84-month] sentence to be imposed on the 18 U.S.C. § 924(c) . . . count shall be imposed to run consecutively to any other count."

At sentencing, the district court adopted the PSR, including the calculation of Troiano's Guidelines range. The

---

[2] The PSR made clear, however, that Troiano was an Armed Career Criminal because he was subject to an enhanced sentence on Count 4 under the provisions of 18 U.S.C. § 924(e).

court then varied below the range and imposed a total sentence of 24 years, stating:

> I believe that an appropriate sentence as to counts 1, 2, and 4 is 17 years. As to count 3, I am giving you seven years. And so that is a total of 24 years. And the sentence of 17 years on counts 1, 2, and 4 run concurrently. The sentence as to count 3 runs consecutively, and that is how, when you total it up, it becomes 24 years, which is vastly different than 360 months to life. And it is my hope that you will look at that as an opportunity to pay for your crimes but still have some life left at the end of that.

Troiano's conviction and sentence were affirmed on direct appeal, and his first motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel, was denied. *See United States v. Troiano*, 258 F. App'x 983 (9th Cir. 2007). In 2016, following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down as unconstitutionally vague the ACCA's residual clause definition of "crime of violence," Troiano was permitted to file a second section 2255 motion. In that motion, Troiano argued: first, that post-*Johnson*, he was no longer subject to a 15-year mandatory minimum sentence under the ACCA for Count 4; second, that because of the Guidelines' identically worded residual clause definition of "crime of violence" he was not properly designated a career offender under U.S.S.G. § 4B1.1; and third, that Hobbs Act robbery was not a crime of violence for purposes of 18 U.S.C. § 924(c).

Acknowledging *Johnson*, the district court granted relief on Troiano's claim that the ACCA enhancement was incorrectly applied to Count 4, but it denied his Guidelines challenge in light of *Beckles v. United States*, 137 S. Ct. 886, 895 (2017) (holding that the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause).  It also denied relief on Troiano's section 924(c) claim.  The court then ordered the parties to file memoranda "addressing their positions as to the procedure for post-2255 proceedings in this case," including "the need for a revised Presentence Investigation Report, the need for a resentencing hearing, and the need for [Troiano] to be present at a resentencing hearing."

After full briefing, the court issued its order correcting Troiano's sentence.  Noting its "wide discretion in choosing the proper scope of post-2255 proceedings," the court opted not to conduct a full resentencing as to all four counts of conviction, and instead corrected Troiano's sentence on Count 4 to 10 years—the maximum sentence permitted without the ACCA enhancement.  Because Troiano's 17-year sentences on Counts 1 and 2 and his 7-year consecutive sentence on Count 3 were not altered, his overall sentence of 24 years remained unchanged.

The district court issued Troiano a Certificate of Appealability ("COA") to challenge the procedure by which it corrected his sentence, but denied COAs to challenge his career offender designation and whether Hobbs Act robbery constitutes a crime of violence for purposes of 18 U.S.C. § 924(c).  We also declined to certify the latter two issues, but did so without prejudice to Troiano raising them in his opening brief.

**II**

We have not explicitly stated in a published opinion which standard of review applies to a district court's determination of the appropriate remedy in a 28 U.S.C. § 2255 proceeding. We take the occasion to do so here, and hold that the standard is abuse of discretion.

Citing our cases discussing the standard of review for decisions to grant or deny section 2255 motions, Troiano urges us to apply de novo review. *See, e.g.*, *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc) ("We review de novo a district court's denial of relief to a federal prisoner under 28 U.S.C. § 2255."); *United States v. Navarro*, 160 F.3d 1254, 1255 (9th Cir. 1998) ("We review the grant of a § 2255 motion de novo."). Those cases, however, do not discuss which standard we are to apply when reviewing the district court's choice of remedial action in response to a successful—or, as here, a partially successful—section 2255 motion.

We have already declared in *Loher v. Thomas*, 825 F.3d 1103, 1111 (9th Cir. 2016), a case brought under 28 U.S.C. § 2254, that "review [of] the district court's determination of the appropriate remedy for a constitutional violation on a habeas petition [is] for abuse of discretion." Section 2255 is "intended to mirror § 2254 in operative effect," *United States v. Winkles*, 795 F.3d 1134, 1141 (9th Cir. 2015), and we see no reason to distinguish between those sections when it comes to reviewing the district court's choice of remedy after it grants habeas relief.

Moreover, the deferential abuse of discretion standard accords with the "broad and flexible power" conferred upon district courts under section 2255. *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997). *See also United States v.*

*Jones*, 114 F.3d 896, 897 (9th Cir. 1997) (noting that the statute "gives district judges wide berth in choosing the proper scope of post-2255 proceedings"). Additionally, at least four of our sister circuits have explicitly applied the abuse of discretion standard to remedial decisions under section 2255. *See United States v. Brown*, 879 F.3d 1231, 1235 (11th Cir. 2018) (adopting abuse of discretion standard when reviewing a district court's "choice of § 2255 remedy" and citing to section 2255 cases from the First, Second, and Fourth Circuits applying that standard). Accordingly, we follow our precedent from the section 2254 context and adopt the approach of our sister circuits in reviewing the district court's decision to correct Troiano's sentence for abuse of discretion.

## III

The district court did not abuse its discretion when it declined to conduct a full resentencing and instead corrected Troiano's sentence only as to the count of conviction affected by *Johnson*. Troiano argues that the district court grouped his counts of conviction to fashion a sentencing package and that the so-called "sentencing package doctrine" requires that he be resentenced on all four counts. Even were we to conclude that the counts were grouped for sentencing—something the record does not reflect here—the decision to restructure a defendant's entire sentence when only one of the counts of conviction is found to be invalid is discretionary and not, as Troiano suggests, mandatory.

Troiano relies primarily on our decision in *Handa*, which discussed a "likelihood that the sentencing judge will have attempted to impose an overall punishment [in a multi-count conviction] taking into account the nature of the crimes and certain characteristics of the criminal." 122 F.3d at 692. We there stated that under such circumstances, if one count of

conviction is undone "the district court *is free* to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted." *Id.* (emphasis added). But we did not state that the district court *must* do so.**[3]** To the extent it was not made clear in *Handa*, we now clarify that the decision to unbundle a sentencing package—that is, to conduct a full resentencing on all remaining counts of conviction when one or more counts of a multi-count conviction are undone— rests within the sound discretion of the district court. *Cf. United States v. Evans-Martinez*, 611 F.3d 635, 645 (9th Cir. 2010) (in the direct appeal context, where counts are grouped for sentencing, "a district court *may* resentence a defendant on each count remanded by the appellate court, even if the district court made no error with respect to a particular count," but that "this rule is phrased in the *permissive*; it is not a *requirement*").

In any event, it is evident from the record in this case that Troiano's counts of conviction were not actually grouped for sentencing in any material way that might have led the district court, in its discretion, to unbundle them for resentencing. As the district court itself explained, Troiano's "sentence as to Count 4 was not grouped with either Counts 1, 2, or 3, for sentencing guideline calculations . . . [and] the sentencing guidelines for Counts 1, 2, and 3, were unaffected by [his] conviction for Count 4." In other words,

---

**[3]** Neither did the Seventh Circuit in either of the two cases upon which we primarily relied in *Handa*. *See United States v. Binford*, 108 F.3d 723, 728 (7th Cir. 1997) (explaining that "when part of a sentence is vacated . . . the district court *may* 'rebundle' the package by resentencing the defendant" (emphasis added)); *United States v. Smith*, 103 F.3d 531, 535 (7th Cir. 1996) (concluding that "the entire sentence *can* be revisited").

Troiano's Guidelines range would have remained 360 months to life even if he had never been convicted of Count 4.[4] There is simply no reason to conclude on this record that removing the sentencing enhancement on Count 4 had any impact on the sentences for the unaffected counts, let alone that the district court abused its discretion by not "unbundling" and conducting a full resentencing proceeding on all counts.

## IV

Troiano is entitled to a COA on his two remaining issues only if he can demonstrate "that jurists of reason could disagree with the district court's resolution of his

---

[4] Troiano nevertheless insists that Count 4 informed the district court's sentencing decision because it carried the highest mandatory minimum and therefore set the sentencing floor as to the total sentence the court could select. While it is true that with the ACCA enhancement the district court could not impose a sentence less than 15 years for Count 4, it does not follow that without that floor the district court would have chosen a sentence lower than 17 years for Counts 1 and 2, because the Guidelines range on those counts, independent from Count 4, was 30 years on the low end. *See Gall v. United States*, 552 U.S. 38, 49 (2007) (declaring that "the Guidelines should be the starting point and the initial benchmark" for a sentence); *see also Evans-Martinez*, 611 F.3d at 637 (explaining that although "a mandatory minimum sentence becomes the starting point for any count that carries a mandatory minimum sentence higher than what would otherwise be the Guidelines sentencing range[, a]ll other counts . . . are sentenced based on the Guidelines sentencing range, regardless [of] the mandatory minimum sentences that apply to other counts"). Given the Guidelines range for Counts 1 and 2, the violence involved in the instant offenses, and Troiano's extensive criminal history, we do not think it likely that the district court would have varied even lower than its already-significant 156-month downward variance if the ACCA enhancement to Count 4 had been eliminated. The district court hinted as much at a status conference it held before correcting Troiano's sentence.

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citation and internal quotations omitted). *See also* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). Troiano has not made that showing here.

Jurists of reason would not disagree with the district court's conclusion that *Beckles* forecloses Troiano's due process challenge to his career offender designation under the Sentencing Guidelines. In *Beckles*, the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 895. Accordingly, we do not reach Troiano's challenge to his career offender designation.

We likewise do not reach Troiano's claim that Hobbs Act robbery is not a crime of violence as defined under 18 U.S.C. § 924(c)(3)(A), otherwise known as the "force clause."

## V

We hold that we review for abuse of discretion a district court's determination of the appropriate remedy in a 28 U.S.C. § 2255 proceeding. The district court did not abuse its discretion by correcting Troiano's sentence only as to the affected count of his multi-count conviction. Troiano's arguments concerning his two uncertified issues are treated as a motion to expand the certificate of appealability, which is denied. *See* 9th Cir. R. 22-1(e).

**AFFIRMED in part; DENIED in part.**