**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35519 |
| Plaintiff-Appellee, | D.C. Nos. 2:17-cv-00001-TOR<br>2:13-cr-00022-TOR-1 |
| v. | |
| VALENTIN CARDENAS GONZALES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted August 6, 2019[**]
Anchorage, Alaska

Before: TALLMAN, IKUTA, and N.R. SMITH, Circuit Judges.

Valentin Gonzales appeals the district court's denial of his 28 U.S.C. § 2255

motion challenging his conviction for two counts of Aggravated Sexual Abuse of a

Minor for touching victim E.A. "not through the clothing." *See* 18 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 2246(2)(C). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for resentencing.

1. The district court erred in denying Gonzales's claim of ineffective assistance of counsel (IAC) arising from trial counsel's failure to object to inadmissible testimony on hearsay grounds. An IAC claim requires a showing that counsel's performance was deficient, and that the deficient performance prejudiced the defense.[1] *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice occurs when counsel's errors "undermine confidence in the outcome." *Harrington v. Richter*, 562 U.S. 86, 104 (2011); *Strickland*, 466 U.S. at 696 ("[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."). Our prior panel's determination on direct review—that admission of the evidence "was prejudicial and affected Gonzales's substantial rights," *Gonzales*, 629 Fed. App'x.

[1]The district court found Gonzales had shown deficient performance under the law of the case doctrine, and the Government forfeited any argument to the contrary. *See United States v. McEnry*, 659 F.3d 893, 902 (9th Cir. 2011). Our prior decision on direct review left open whether trial counsel was deficient for failing to object on hearsay grounds until "a record is made of the reasons for action or inaction of counsel." *United States v. Gonzales*, 629 Fed. App'x. 796, 798 n.5 (9th Cir. 2015) (unpublished). Moreover, failing to object to an error deemed "plain" does not necessarily render counsel deficient under *Strickland*. Thus, the Government was free to argue on collateral review (both before the district court and on appeal) that the determination on direct review did not necessarily compel the court to find counsel was deficient, but failed to do so.

2

at 798—required the district court to conclude there was prejudice for purposes of *Strickland. See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997); *accord United States v. Dominguez Benitez*, 542 U.S. 74, 81–84 (2004) (citing *Strickland* in defining prejudice in the plain error context).

The Government argues that, even if admission of the hearsay testimony undermines confidence in the two convictions for Aggravated Sexual Abuse of a Minor (the counts relating to victim E.A.), Gonzales cannot show prejudice. He is serving concurrent 30-year sentences on two counts of Abusive Sexual Contact with a Minor involving a different victim. However, upon our vacatur of the counts involving E.A., the district court has jurisdiction to "resentence him . . . or correct the sentence as may appear appropriate." *See* 28 U.S.C. § 2255(b). The decision to "conduct a full resentencing on all remaining counts of conviction . . . rests within the sound discretion of the district court." *Troiano v. United States*, 918 F.3d 1082, 1087 (9th Cir. 2019), *cert. denied*, 2019 WL 2124339 (June 17, 2019).

2. We decline to consider Gonzales's uncertified appellate IAC claim, because Gonzales has not made "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Gonzales has no viable appellate IAC claim absent an arguable underlying due process violation. *See*

*Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." (quoting *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982))). We discern no due process issue, because the district court did not force Gonzales to choose between taking the stand and eliciting exculpatory hearsay through cross-examination. Rather, it preserved the possibility of admitting the hearsay under other exceptions to the hearsay rule provided Gonzales "offer[ed] such statements, with advance notice to the Court, outside the hearing of the jury, so the Court can rule on their admissibility at that time."

**REVERSED and REMANDED.**