**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35733 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-01149-HZ |
| v. | 3:97-cr-00014-HZ-1 |
| THOMAS WILLIAM CORNELIUS, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted November 6, 2019**
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and WU,*** District Judge.

Thomas Cornelius, Jr. (Cornelius) appeals the district court's denial of his

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

request to personally attend a hearing to resolve the motion to vacate his sentence under 28 U.S.C. § 2255 (§ 2255).

Section 2255 confers upon district court judges broad and flexible power to determine the scope of § 2255 proceedings. *See Troiano v. United States*, 918 F.3d 1082, 1086 (9th Cir. 2019). Resolution of a § 2255 motion occurs in two steps. First, the district court determines if the sentence is unlawful, and if so, vacates and sets aside the sentence. *See* 28 U.S.C. § 2255(b). Second, if the sentence is set aside, the district court fashions the appropriate remedy by: (1) discharging the prisoner; (2) resentencing the prisoner; (3) granting a new trial; or (4) correcting the sentence as appropriate. *See United States v. Castro-Verdugo*, 750 F.3d 1065, 1070 (9th Cir. 2014) (citing 8 U.S.C. § 2255(b)).

The record reflects that the district court opted to correct the sentence through approval of a stipulated amendment to the previously imposed sentence. Nevertheless, the proceeding at which the stipulation was approved was labeled a "Re-Sentencing Hearing." Cornelius argues that Rule 43 of the Federal Rules of Criminal Procedure mandated his physical presence at the hearing. *See* Fed. R.

2

Crim. Pro. 43(a)(3) (providing that "the defendant must be present at . . . sentencing").[1]

In any event, we conclude that to the extent Rule 43 was violated, "there [was] no reasonable possibility that prejudice resulted from [Cornelius's] absence." *United States v. Berger*, 473 F.3d 1080, 1094 n.2 (9th Cir. 2007) (citation omitted). The parties appeared telephonically, and the district court imposed the agreed-upon sentence. Cornelius was allowed to express his views regarding his absence and regarding the agreed-upon sentence. On this record, we are confident that Cornelius's presence would not have altered the outcome of the proceeding. *See United States v. Arqueta-Ramos*, 730 F.3d 1133, 1139 (9th Cir. 2013).

**AFFIRMED.**

---

[1] Although Cornelius makes a passing reference to a constitutional violation, he failed to develop the argument in his Opening Brief. In this circumstance, we decline to address any potential constitutional concerns. *See Am. Freedom Def. Initiative v. King Cty.*, 904 F.3d 1126, 1129 n.2 (9th Cir. 2018).