**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10107 |
| Plaintiff-Appellee, | D.C. Nos. 2:05-cr-00040-KJD-RJJ-1 2:13-cv-00539-KJD |
| v. | |
| MARIO WEICKS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted May 18, 2021[**]

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Mario Weicks appeals from the district court's amended judgment and

challenges the 270-month sentence imposed upon resentencing.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Weicks was originally convicted of possessing a firearm in furtherance of a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

crime of violence under 18 U.S.C. § 924(c), and received a mandatory, consecutive 60-month term of imprisonment for this conviction. Weicks challenged the constitutionality of that conviction in his 28 U.S.C. § 2255 motion, which the district court denied. In light of the Supreme Court's intervening decision of *United States v. Davis*, 139 S. Ct. 2319 (2019), we vacated the district court's order insofar as it denied Weicks's § 924(c) claim, and remanded for resentencing. On remand, the district court vacated the 60-month consecutive sentence imposed on Weicks's now-invalid § 924(c) conviction, and left the 270-month sentence on the remaining convictions intact.

On appeal, Weicks contends that the district court should have recalculated the Guidelines range without an undue influence enhancement under U.S.S.G. § 2G1.3(b)(2)(B) and grouped the felon in possession count with one of the prostitution-related counts. When a § 2255 movant successfully challenges one out of multiple counts of conviction, the district court has discretion to either conduct a full resentencing or correct the sentence only as to the vacated count. *See Troiano v. United States*, 918 F.3d 1082, 1086-87 (9th Cir. 2019). On the record before us, we conclude that the district court did not abuse its discretion by simply excising the 60-month sentence for the vacated § 924(c) conviction. *See id*.

**AFFIRMED.**