NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50087 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00923-SJO-30 |
| v. | |
| ANTHONY GABOUREL, AKA Bandit, AKA Anthony Gabour, AKA Anthony Gaboural, AKA Anthony Desawn Gabourel, AKA Anthony Deshawn Gabourel, AKA Anthony Deshawn Gabriel, AKA Anthony Deshawn Garbourel, AKA Vernon, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted July 9, 2021**
Pasadena, California

Before: WATFORD and BUMATAY, Circuit Judges, and FREUDENTHAL,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

Anthony Gabourel was convicted of conspiracy to engage in racketeering (Count One), conspiracy to commit murder in aid of racketeering (Count Two), and possession of a firearm in furtherance of a crime of violence (Count Seven). In this appeal, he challenges his sentence only. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and review unpreserved objections for plain error. *United States v. Doe*, 705 F.3d 1134, 1153 (9th Cir. 2013).

1. At Gabourel's initial sentencing, the district court imposed a sentence of 40 years, which consisted of 35 years imprisonment on Count One and ten years on Count Two, to be served concurrently, and five years on Count Seven, to be served consecutively. Following the Supreme Court's holding in *Johnson v. United States*, 576 U.S. 591 (2015) (rendering the Armed Career Criminal Act's residual clause definition of "violent felony" void for unconstitutional vagueness), Gabourel successfully moved before the district court under 28 U.S.C. § 2255 to vacate his conviction on Count Seven. The district court then held resentencing, and again sentenced Gabourel to 40 years. This time, the district court imposed a sentence of 40 years on Count One and ten years on Count Two, to be served concurrently. Gabourel did not object to the terms of his new sentence before the district court but filed a timely notice of appeal.

The district court did not err in resentencing Gabourel on all counts. When a sentencing enhancement is vacated, a district court may reconsider a defendant's

entire sentencing package. *Troiano v. United States*, 918 F.3d 1082, 1087 (9th Cir. 2019). The district court adequately considered the sentencing factors under 18 U.S.C. § 3553(a) and believed under those factors that Gabourel should be incarcerated for a term of 40 years. It was therefore within the court's discretion to adjust the terms of Counts One and Two to meet that goal, following the vacatur of Count Seven's mandatory five-year consecutive sentence. *Id.* Our court has explicitly approved of similarly modifying sentences, so long as the original aggregate term of imprisonment is not exceeded. *See United States v. Horob*, 735 F.3d 866, 870 (9th Cir. 2013) ("A sentence is not more severe merely because a mandatory sentence has been eliminated if the overall sentence remains the same and 'there is no net increase in his punishment.'" (quoting *United States v. Hagler*, 709 F.2d 578, 579 (9th Cir. 1983))).

2. In addition, the district court sufficiently explained Gabourel's sentence. Gabourel's argument that the court "bootstrapped its findings and conclusions from the original sentence . . . without stating what they were" lacks merit. The district court was not prohibited from incorporating Gabourel's presentence report (PSR) recommendations or conclusions from his previous sentencing hearing. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) ("[A]dequate explanation in some cases may [be] inferred from the PSR or the record as a whole."). Even without relying on its prior reasoning, the district court

3

sufficiently explained its chosen sentence at the resentencing. *Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough [explanation] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.").

    **AFFIRMED.**