NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**SEP 19 2025**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ABHIJIT PRASAD,

Defendant - Appellant.

No. 23-1968

D.C. Nos.
3:18-cr-00368-CRB-1;
3:22-cv-01230-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted September 17, 2025[**]
San Francisco, California

Before: HAMILTON, R. NELSON, and BUMATAY, Circuit Judges.[***]

Defendant Abhijit Prasad appeals the district court's denial of his motion to

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 due to ineffective

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

assistance of counsel. Defendant also requests that this court expand his certificate of appealability ("COA") so he can raise several other collateral challenges to his conviction. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm the district court and deny Defendant's request for an expansion of his COA.

We review the denial of a 28 U.S.C. § 2255 motion de novo. *United States v. Rodriguez*, 49 F.4th 1205, 1211 (9th Cir. 2022). We review the district court's factual findings for clear error. *United States v. Avery*, 719 F.3d 1080, 1082 (9th Cir. 2013).

1. Prasad's claim of ineffective assistance of appellate counsel does not excuse his procedural default. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). To show ineffective assistance of counsel, Prasad "must show that counsel's advice fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, [Prasad] would have prevailed on appeal." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) (simplified). These two prongs often overlap, when, for example, counsel fails to raise an issue "because she foresees little or no likelihood of success on that issue." *Id.* In those instances, "[a]ppellate counsel will [] frequently remain above an objective standard of competence (prong one) and have caused her client no prejudice (prong two) for the same reason—because she declined to raise a weak issue." *Id.*

Prasad's appellate counsel was not ineffective in failing to raise his materiality claim. He asserts that his 18 U.S.C. § 1546(a) convictions must be reversed because the indicted false statements lack materiality. In particular, Prasad contends that the misrepresentations regarding the existence of "actual existing work projects," "specific work positions," "specific, bona fide positions," and "work readily available" in the relevant H-1B forms were not material because they were not required under immigration law.

In *United States v. Patnaik*, we recently addressed the same issue. 125 F.4th 1223, 1227 (9th Cir. 2025). Defendants asserted "that the alleged false statements [with regard to the existence of actual H-1B positions] cannot be material to the government because USCIS can't request information that Congress did not require." *Id*. But, we held, "even assuming that USCIS was not permitted to ask detailed questions about jobsite locations or specific projects, Defendants cannot lie to the government in response." *Id.* Instead, "[t]he proper forum to challenge USCIS's authority to ask detailed questions on I-129 petitions [isn't] through an attack on a criminal fraud indictment." *Id*. at 1229. Thus, we held the false statements were still material regardless of whether the immigration authorities were allowed to ask the questions. *Id*. at 1227.

*Patnaik* forecloses Prasad's materiality claim. Even though *Patnaik* came after Prasad's direct appeal, it relied on "the longstanding principle that the

government may punish untruthful responses to unlawful questions." *Id.* at 1230. Thus, it was not objectively unreasonable for Prasad's appellate counsel to not raise the materiality argument and pursue alternative legal arguments on direct appeal. *See Moormann v. Ryan*, 628 F.3d 1102, 1109–10 (9th Cir. 2010).

2. We decline to expand Prasad's COA. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Valerio v. Crawford*, 306 F.3d 742, 767 (9th Cir. 2002). Prasad has not "demonstrate[d] 'that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Troiano v. United States*, 918 F.3d 1082, 1088 (9th Cir. 2019) (quoting *Buck v. Davis*, 580 U.S. 100, 115 (2017)).

**AFFIRMED.**